UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JONATHAN G. DUNGAN,

                     **Plaintiff,**

     **-against-**

**PATRICK R. DONAHUE,**

                     **Defendant.**
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**12-CV-5139 (ILG)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      The Court is in receipt of yet another letter-motion from *pro se* plaintiff Jonathan Dungan. See Letter dated November 12, 2013 ("Pl. Letter"), Electronic Case Filing Docket Entry ("DE") #36. The Court responds to each of his requests in turn:

      First, plaintiff requests that the Court appoint a "[F]ilipino translater (tagalog) . . . ." Id. However, parties in civil cases are not entitled to court-appointed interpreters, and budgetary constraints prevent the Court from granting such requests by *pro se* civil litigants. Moreover, the Court finds that plaintiff has been able to communicate effectively in English, without an interpreter.

      Second, plaintiff again requests that he be provided with a copy of his amended Rule 26(a) disclosures. See id. However, a copy of the document sought is attached to his most recent letter to the Court. See Plaintiff's Amended Rule 26(A) Disclosures, dated June 27, 2013, DE #36-1.

      Third, plaintiff complains that Frank & Associates, P.C., the law firm that previously represented him in this case, has not adhered to the contract that he and the firm entered into.

See Pl. Letter. This Court is not the proper forum for litigating any breach of contract or malpractice claim against the Frank firm.[1]

Fourth, plaintiff requests "the name of the two law clerk[s] last October 15, 2013, who receive[d] a phone call from Attorney Neil Frank that he will come late" to the 9:30 a.m. hearing on the firm's motion to withdraw. See id. The Court does not maintain records identifying who on its staff handled Mr. Frank's call, which, in any event, has no bearing on the issues in this litigation.

Lastly, plaintiff requests "a copy of psychiatric psychological expert disclosure that always happen to the victim." Id. It is not clear whom plaintiff is characterizing as "the victim." To the extend that he is referring to himself as the victim, and is asking for a copy of his own expert disclosure, the Court has reason to believe that neither side served any expert disclosures within the time previously allotted by the Court. See generally Endorsed Order (Sept. 3, 2013), DE #21. Defendants are directed to notify the Court and plaintiff, by November 21, 2013, whether any expert disclosures have been served in this case, and if so, they are directed to promptly forward copies to plaintiff.

SO ORDERED.

Dated:  Brooklyn, New York
        November 18, 2013

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff also complains that the firm failed to notify him that attorney Scott J. Laird had left the firm. See Pl. Letter. Even if Mr. Laird had not left the firm, his representation of plaintiff would have ended when the firm was granted permission to withdraw. See Minute Order (Oct. 15, 2013), DE #31.