UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JONATHAN G. DUNGAN,

                        **Plaintiff,**                        REPORT AND
                                                                      RECOMMENDATION

                       -against-                            12-CV-5139 (ILG)

**PATRICK R. DONAHUE,**

                        **Defendant.**
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Before this Court is a motion by the defendant Postmaster General Patrick Donahue ("defendant") seeking dismissal of this action with prejudice and other sanctions under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure on the ground that the *pro se* plaintiff Jonathan Dungan ("plaintiff") has repeatedly obstructed the progress of the case by failing to comply with the Court's discovery rulings. See Letter Motion (Feb. 14, 2014), Electronic Case Filing ("ECF") Docket Entry ("DE") #49. For the reasons set forth below, this Court respectfully recommends that the District Court dismiss the case under Rule 37(b)(2)(A) and, *sua sponte*, under Rule 41(b), for lack of prosecution.

## BACKGROUND

      Jonathan Dungan commenced this action on October 12, 2012, against Postmaster General Patrick Donahoe, alleging employment discrimination in violation of the Rehabilitation Act of 1983, Title VII of the Civil Rights Act of 1964, the Family Medical Leave Act, and the Equal Protection Clause of the Fourteenth Amendment. See Complaint (Oct. 12, 2012), DE #1. At that time, plaintiff was represented by counsel. See id. Defendant, having received

two extensions of time to respond to the complaint, see Order (Jan. 22, 2013), DE #6; Order (Feb. 13, 2013), DE #8, answered on March 1, 2013, see Answer (Mar. 1, 2013), DE #9.  On April 29, 2013, this Court held an initial conference during which it set a discovery schedule for this case.  See Minute Entry (Apr. 29, 2013), DE #13.

On October 1, 2013, plaintiff's counsel moved to withdraw from the case, citing irreconcilable disagreements with plaintiff.  See Motion to Withdraw (Oct. 1, 2013), DE #25.  After conducting a sealed, *ex parte* hearing with plaintiff and his attorney two weeks later, the Court granted counsel's motion to withdraw, and directed plaintiff, by November 12, 2013, to locate a new attorney or notify the Court and defense counsel that he would be proceeding *pro se*.  See Minute Order on Motion to Withdraw as Attorney (Oct. 15, 2013), DE #31.  At that time, the Court also directed plaintiff (or his new attorney) and defense counsel to confer with one another and, by November 19, 2013, to file a joint proposed schedule for reopening discovery, which had previously been scheduled to end on October 1.  See id.; Order (Sept. 24, 2013), DE #23.

Over the course of multiple unsuccessful attempts by defense counsel to confer by telephone, plaintiff either did not respond or rebuffed those efforts by claiming that he was not feeling well.  See Letter Setting Forth a Proposed Discovery Plan (Nov. 19, 2013), DE #38 at 2; Order (Dec. 2, 2013) ("12/2/13 Order") at 1 n.1, DE #42.  Notwithstanding his purported illness, "the same day that plaintiff told defense counsel that he was too ill to talk, he was preparing a motion for appointment of counsel . . . ."  12/2/13 Order at 1 n.1; see also Motion

to Appoint Counsel (docketed Nov. 22, 2013), DE #39.[1] In response to defense counsel's letter to the Court, the undersigned magistrate admonished plaintiff "for failing to cooperate with defense counsel," 12/2/13 Order at 1 n.1, and reopened fact discovery with a new schedule, see 12/2/13 Order.

On January 16, 2014, defendant filed a letter-motion to compel plaintiff's cooperation in the discovery process. See Motion to Compel (Jan. 16, 2014), DE #44. According to defendant, plaintiff had been served on December 4, 2013 with authorizations required to obtain medical records from a hospital at which plaintiff had received treatment, but plaintiff had never responded. See id. Phone communication with plaintiff in mid-January also proved fruitless, as plaintiff's only response when reached was to say "I cannot say anything. Thank you very much. Have a good day." Id. at 2. In a telephone conference held on January 27, 2014, the Court directed plaintiff to sign the authorizations and provide them to defense counsel no later than January 24, 2014. See Minute Entry (Jan. 17, 2012) at 2, DE #45.

When plaintiff failed to comply with the Court's directive, defense counsel filed a further letter-motion to compel, which recounted a January 30, 2014 phone call with plaintiff regarding the authorizations:

> Plaintiff made it clear that he had not only never signed and mailed the authorizations, but that he had no intention of doing so and never would. Specifically Plaintiff stated as follows, "I am not going to sign anything." Plaintiff also made it clear that he had no intention of even appearing for a deposition, and accordingly, would not even agree to schedule a date and time for deposition. Specifically, when [defense counsel] requested to schedule Plaintiff's deposition . . . , Plaintiff stated, "I cannot agree to anything," and

---

[1] The motion for appointment of counsel was denied without prejudice on December 19, 2013. See Order Denying Motion to Appoint Counsel (Dec. 19, 2013), DE #43.

    hung up the phone.

Motion to Compel (Feb. 3, 2014) ("2/3/14 Motion") at 1-2, DE # 46.  In an Order dated February 7, 2014, this Court observed that plaintiff's behavior in failing to return the executed authorizations, refusing to appear for a deposition, and ignoring multiple voicemail messages left for him by members of the Court's staff amounted to a "pattern of delaying the case, ignoring court orders, and refusing to provide discovery."  Order (Feb. 7, 2014) at 1-2, DE #47.  The Court went on to warn plaintiff that "if defense counsel does not have possession of the . . . medical authorizations by February 13, 2014, and/or if plaintiff fails to timely appear for his deposition, this Court will recommend that plaintiff's case be dismissed with prejudice and that sanctions be imposed on him."  Id. at 2.

    Nevertheless, plaintiff once again flouted this Court's orders and his discovery obligations.  On February 14, 2014, defendant filed a letter-motion for sanctions, seeking dismissal of the case under Rule 37(b)(2)(A) and other, unspecified sanctions, based on plaintiff's continued failure to provide the signed medical authorizations.  See Motion for Sanctions (Feb. 14, 2014) ("2/14/14 Motion"), DE #49.  Plaintiff ignored this motion as well.

    Having received no response from plaintiff for more than one month, this Court ordered defendant to file and serve, by March 24, 2014, an updated status report concerning any recent communications with plaintiff; and directed plaintiff, by March 24, 2014, to show cause, in writing, why he violated the Court's compulsion orders and failed to respond to defendant's motion for sanctions.  See Order (Mar. 20, 2014) ("3/20/14 Order"), DE #50.  In that order, the Court again warned that "[i]f plaintiff fails to timely comply . . . and/or if he fails to make a sufficient showing of good cause to justify his pattern of violations, this Court

will issue a Report and Recommendation that the case be dismissed with prejudice." Id. at 2.

On March 21, 2014, defendant filed the required status update, stating that plaintiff still had neither returned any of the court-ordered medical authorizations nor contacted defense counsel since the filing of the February 14th letter-motion to dismiss. See Status Report (Mar. 21, 2014), DE #51. To date, plaintiff has not responded in any way to the Court's most recent order or the pending dismissal motion, nor has he taken any further action to pursue his claims.

## DISCUSSION

**I. Dismissal Under Rule 37(b)(2)(A)**

The circumstances of this case warrant dismissal under Rule 37(b)(2)(A).

**A. Standard**

"If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2)(A)(v). "Imposing sanctions pursuant to Rule 37 'is within the discretion of the district court . . . .'" World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012) (quoting John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988)). Of course, Rule 37 dismissal is a harsh remedy appropriate only in extreme situations. See Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994); Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009). Nevertheless, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been

5

given that noncompliance can result in dismissal." Valentine, 29 F.3d at 50. "[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Id. at 49–50 (internal quotation marks omitted) (quoting National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam)).

Four factors govern the propriety of Rule 37 dismissals: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." World Wide Polymers, 694 F.3d at 159 (alteration in original) (internal quotation marks omitted) (quoting Agiwal, 555 F.3d at 302). These factors are not exclusive, and the district court has wide discretion in imposing "just" sanctions under Rule 37. See id. (citing S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010)).

B. Analysis

Each of the above factors supports dismissal in this case. Plaintiff's failure to cooperate in the discovery process notwithstanding the Court's clear admonitions, orders, and warnings demonstrates willfulness. See John B. Hull, 845 F.2d at 1176 ("Dismissal under Rule 37 is warranted . . . where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault."). In particular, plaintiff refused to appear for deposition or to sign the authorizations after being expressly ordered to do so, see 2/3/14

6

Motion; 1/17/14 Order, and he ignored this Court's subsequent orders again requiring that he produce the authorizations and demanding that he show cause for his refusal to comply, see 2/7/14 Order; 3/20/14 Order. Such "'persistent refusal to comply with a discovery order' is evidence of willfulness." Santos v. N.Y.C. Housing Auth., No. 01 Civ. 1646, 2003 WL 1213335, at *5 (S.D.N.Y. Mar. 17, 2003) (quoting Monaghan v. SZS 33 Assocs. L.P., 148 F.R.D. 500, 509 (S.D.N.Y. 1993)).

Moreover, in light of plaintiff's ongoing unresponsiveness to the Court, no sanctions other than dismissal would be effective. The record presents no reason to believe that a monetary fine or other sanction short of dismissal would inspire in plaintiff the dedication to this litigation that he currently lacks, especially given the demonstrable inefficacy of repeated warnings that plaintiff's continued noncompliance would result in dismissal. This case therefore presents an example of extreme circumstances warranting the harsh remedy of dismissal under Rule 37(b)(2). See, e.g., Agiwal, 555 F.3d at 302-03.

The duration of plaintiff's refusal to obey court orders also weighs in favor of dismissal. It has been nearly four months since the Court expressly noted plaintiff's "pattern of delaying the case, ignoring court orders, and refusing to provide discovery," 2/7/2014 Order, and six months since the Court first admonished plaintiff for failing to cooperate with defense counsel, see 12/2/2013 Order at 1 n.1. There has been no change in plaintiff's behavior, nor has he given the Court any reason to believe that he intends to comply in the future. Such a protracted refusal to comply justifies dismissal. See e.g., Agiwal, 555 F.3d at 302-03 (upholding dismissal where *pro se* litigant repeatedly failed to comply with court orders over six-month span of time).

7

Finally, plaintiff was expressly warned of the consequences of noncompliance by both this Court's February order and its March order, which stated that failure to "show cause, in writing . . . why he violated the Court's compulsion orders and why he failed to respond to defendant's motion for sanctions" would result in dismissal.  3/20/2014 Order; see 2/7/2014 Order.  The Court's repeated, explicit warnings that plaintiff's failure to comply would result in dismissal with prejudice are sufficient to justify dismissal at this time.  See Valentine, 29 F.3d at 50 (upholding dismissal under Rule 37(b)(2) based on plaintiff's "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action"); John B. Hull, 845 F.2d at 1177 (upholding dismissal where district court issued two warnings that failure to obey discovery orders would result in dismissal); cf. World Wide Polymers, 694 F.3d at 160 (reversing dismissal under Rule 37(b)(2) where there was "no indication in the record that [plaintiff] had any notice that a possible consequence of late filing" could be dismissal).

Having considered the factors governing rulings pursuant to Rule 37(b)(2), this Court respectfully recommends that the District Court dismiss plaintiff's claims on the ground that plaintiff's course of conduct amounts to "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders . . . would result in the dismissal of [the] action."  Agiwal, 555 F.3d at 302 (quoting Valentine, 29 F.3d at 50).

## II.  Dismissal Under Rule 41(b)

The circumstances in this case also warrant dismissal under Rule 41(b) for the same

reasons that they warrant dismissal under Rule 37(b)(2)(A).

### A.  Standard

When a plaintiff fails to reasonably move his case to trial, the case may be dismissed with prejudice as a sanction for such a dereliction.  See West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).  Rule 41(b) provides the standard for such dismissals: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  "Although not explicitly authorized by the rule, such dismissals may be made *sua sponte*."  Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998); see Link v. Wabash R.R. Co., 370 U.S. 626, 629-32 (1962) (holding that federal district court has the inherent power to dismiss a case *sua sponte* for lack of prosecution, despite the language of Rule 41(b) referencing a motion to dismiss).

As with Rule 37(b)(2)(A), dismissal pursuant to Rule 41 is committed to the discretion of the district court, see Jackson v. City of New York, 22 F.3d 71, 75 (2d Cir. 1994); Liberty Mutual Ins. Co. v. Bella Transp., No. 07–CV–716, 2009 WL 1606489, at *7 (E.D.N.Y. June 8, 2009), and has been characterized, as "a 'harsh remedy' that [is] 'appropriate only in extreme circumstances.'"  Spencer, 139 F.3d at 112 (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).  "District courts 'should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a *pro se* litigant.'"  Id. (quoting Lucas, 84 F.3d at 535) (alteration in original).

Courts in the Second Circuit consider five factors in exercising their discretion under

9

Rule 41(b): (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the efficacy of lesser sanctions. See id. at 112–14. The first of these factors has two subcomponents: (a) whether the failures to prosecute were those of the plaintiff; and (b) whether these failures were of significant duration. See id. at 113 (citing Jackson, 22 F.3d at 75); Love v. Amerigroup Corp., No. 09–CV–4233, 2010 WL 2695636, at *2 (E.D.N.Y. June 2, 2010). Generally, no single factor is dispositive. See Spencer, 139 F.3d at 113 (citing Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

### B. Analysis

Because of the substantial overlap between the factors commonly used to decide whether to dismiss an action under Rule 41(b) and under Rule 37(b)(2)(A), this Court sees no need to repeat its discussion of redundant factors in detail. The duration of plaintiffs' failure to comply with the Court's orders, the notice provided to plaintiff of the consequences of his continued noncompliance, and the likely futility of lesser sanctions, all support dismissal under Rule 41(b) to the same extent as under Rule 37(b)(2)(A). The remaining two factors -- potential prejudice to the defendant and balancing the court's interest in managing its docket against plaintiff's interest in being heard -- likewise weigh in favor of dismissal.

Absent dismissal, defendant is likely to suffer prejudice in the form of further delays in the proceedings. Prejudice to defendants may be presumed where the plaintiff has engaged in an unreasonable delay. See Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993)

10

(citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)). Here, plaintiff has provided the Court with no explanation whatsoever for his repeated failure to comply with its orders.[2] The Court finds that prejudice should be presumed from his unexcused, ongoing noncompliance. Given plaintiff's flouting of this Court's orders, protracted refusal to meet his discovery obligations, and unwillingness to communicate with defense counsel, it appears that he is prepared to allow the case to drag on indefinitely.

Similarly, balancing the Court's interest in managing its docket against plaintiff's interest in receiving a fair chance to be heard militates in favor of dismissal. "It is not the duty of the Court . . . to contact plaintiffs and to urge or require them to prosecute this action." Lukensow v. Harley Cars, 124 F.R.D. 64, 66 (S.D.N.Y. 1989). By abandoning any effort to prosecute his case, plaintiff has demonstrated that he has no interest in being heard.

Having considered the aforementioned factors, the Court concludes that dismissal under Rule 41 is clearly appropriate.

**III. Additional Sanctions**

Defendant has asked for "appropriate sanctions . . . including dismissal of [plaintiff's] complaint." 2/14/14 Motion. Insofar as defendant seeks unspecified sanctions beyond the "harsh remedy" of dismissal, Spencer 139 F.3d at 112, this Court considers any additional sanctions against plaintiff unnecessary. See Jensen v. Allied Burton Sec. Servs., No. 10-CV-2043, 2011 WL 4382347, at *3 (E.D.N.Y. May 27, 2011), adopted, 2011 WL 4382459 (E.D.N.Y. Sept. 20, 2011).

---

[2] To be sure, plaintiff refused to speak with his adversary by claiming that he was not feeling well; he provided the Court with no excuse for his violations, dubious or otherwise.

11

**CONCLUSION**

This Court respectfully recommends that this action be dismissed with prejudice under Rules 37(b)(2)(A) and 41(b) of the Federal Rules of Civil Procedure.

Any objections to the recommendations or ruling contained herein must be filed with the Honorable I. Leo Glasser on or before June 20, 2014. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Clerk is directed to enter this opinion into the ECF System and to mail a copy to plaintiff at 38 Kissam Avenue, Staten Island, NY 10306.

    SO ORDERED.

Dated:   Brooklyn, New York
         June 3, 2014

                                            /s/ *Roanne L. Mann*
                                            **ROANNE L. MANN**
                                            **UNITED STATES MAGISTRATE JUDGE**